**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TONY LYNN TAYLOR,

      Plaintiff,

vs.                                       CASE NO. 3:11-mc-43-J-34TEM

WILLIAM MICHEL REED *et al.*,

      Defendants.

_____

# O R D E R

This case is before the Court on Plaintiff's Emergency Motion for miscellaneous relief (concerning William Reed) (Doc. #1), his second Emergency Motion for miscellaneous relief (concerning Foster Care et al) (Doc. # 2) and Affidavit of Indigency (Doc. #3), all filed on August 5, 2011, and his third Emergency Motion (concerning Don F. Briggs) (Doc. # 4). The Court will construe Plaintiff's Affidavit of Indigency as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary (*Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon those who are truly indigent." *Antonelli v. Bureau of Alcohol, Tobacco and Firearms*, 1985 WL 1613, *1 (N.D. Ill. May 28, 1985).

When an application to proceed *in forma pauperis* is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which

relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.

In this case, Plaintiff has not filed a complaint.  He has filed three "emergency motions;" however, none of the motions clearly state a federal cause of action nor a concise claim for relief.  Nor is it entirely clear what the relationship, if any, is between the various persons or entities Plaintiff has listed as defendants.  Nor has Plaintiff provided information that would allow the defendants to be served with notice of the action.  The motions apparently refer to some proceedings in state court, various attorneys, a speedy trial, his daughter and money; but are not sufficiently coherent for the Court to make any determination as to any emergency, or even determine any potential federal cause of action.

The Court is aware Plaintiff filed the referenced motions on a *pro se* basis.  As such, the Court has allowed for a lack of understanding of the Rules under which a claim in federal court is litigated.  It is well established that the "complaints of *pro se* litigants must be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers." *Moore v. Schlesinger*, 150 F. Supp.2d 1308, 1311 (M.D. Fla. 2001) *citing Estelle v. Gamble*, 429 U.S. 97 (1976).  The Court has applied this liberal construction when reviewing the filings of the *pro se* litigant in this case.  However, the latitude of liberal construction is not without its limits.  As the courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers, in an abundance of caution, the Court finds that Plaintiff should be allowed an opportunity to file a proper complaint. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

2

The complaint must contain a federal court caption and must include all of Plaintiff's claims in this action; it should not refer back to the original filings.  Plaintiff is reminded that federal courts are courts of limited jurisdiction and his complaint must contain a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).  Plaintiff must specify in the caption of his  complaint all of the defendants he seeks to include in this action, and must properly and completely identify each defendant.  If any named defendant is a governmental agency, it must be properly identified as such.  Plaintiff must also set forth with specificity the nature of his causes of action and how each named defendant is involved in the alleged wrongdoing.  Plaintiff is advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, Fed. R. Civ. P. 8(a)(3) requires a complaint include "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Plaintiff should also be aware that defendants may be joined in a single action or lawsuit only if his claims against them result from the same transaction and involve the same questions of law or fact.

The Clerk is directed to furnish Plaintiff with a Step-By-Step Guide to Filing a Civil Action in the United States District Court Jacksonville/Ocala Divisions.

Plaintiff may wish to obtain a copy of the Court's Local Rules which are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov or may be purchased from the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

Accordingly, it is **ORDERED** that:

1.   Plaintiff shall file a complaint in conformance with all applicable rules of this Court, not later than **Friday, August 26, 2011.  Failure to file a  complaint as directed by this Order will result in a recommendation to the district judge that this matter be dismissed in its entirety.**

2.   The Court takes Plaintiff's motion to proceed *in forma pauperis*, as construed from the Affidavit of Indigency, under advisement until Plaintiff has complied with paragraph one  or time denoted therein has expired.

3.      Plaintiff's "emergency" motions (Docs. #1, #2, #3) are **DENIED**.  The Court is unable to ascertain from these filings what relief Plaintiff is actually seeking or if a basis for a federal case exists.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of August, 2011.

Copies to:

*Pro Se* Plaintiff

The Hon. Marcia Morales Howard

**THOMAS E. MORRIS**
United States Magistrate Judge